IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRISTOPHER MADIAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-358 |
| § | |
| HORIZON MARITIME L.L.C. § | |
| § | |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER**

This cases arises out of personal injuries allegedly suffered by Plaintiff Christopher Madiar while aboard the M/V TAURUS, a vessel owned and operated by Defendant Horizon Maritime L.L.C. Now before the Court is Defendant's Motion to Transfer Venue to either the Eastern District of Louisiana, the Western District of Louisiana, or the Houston Division of the Southern District of Texas.[1] For the reasons outlined below, Defendant's Motion is **DENIED**[2].

I. **Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d

---

[1]The Court notes with some dismay the "anywhere but here" nature of Defendant's Motion. Since Defendant has posited three alternative forums, one being less than an hour away from the current forum and equidistant with the current forum from the Eastern District of Louisiana, the Court is somewhat suspicious that this Motion is being made for purposes of delay and not for purposes of convenience.

[2]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**II. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to the Eastern District of Louisiana. To support this argument, Defendant has identified

Plaintiff and Defendant as residents of Louisiana. Additionally, Defendant points to Plaintiff's initial treating physician and two crew witnesses within the subpoena power of the Eastern District of Louisiana. Plaintiff notes that his current treating physician, his expert economist, and Defendant's IME doctor all reside in this District. Since there are more witness located in this District than in any other, this factor weighs against transfer.

B.  Cost of Trial

The Eastern and Western Districts of Louisiana are relatively close to this District, and there is no reason to believe that trial in either place would be substantially more expensive. Though Defendant asserts that trial would be more expensive here than in the alternative forums, it has offered no proof of such. Since experts reside within this District and trial is less than a month away, it seems that transfer at this date would actually increase costs to all sides. This factor weighs against transfer.

C.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D.  Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference since Plaintiff does not reside in this District. This is somewhat mitigated since Plaintiff was a resident of this District at the time of the injury. Since there is some connection to this forum, Plaintiff's choice is entitled to deference, and this factor weighs against transfer.

E. Place of the Alleged Wrong

The place of the alleged wrong is an important factor in venue determinations.  *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106.  The alleged wrong took place in the Eastern District of Louisiana.  This factor supports transfer.

*F.  Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  This case is set for trial in less than a month, and a transfer at this late date would cause significant delay.  Such delay will be exacerbated by the current state of our sister courts in the Eastern District of Louisiana which are still dealing with Katrina-related backlog.  This factor weighs strongly against transfer.

### III.  Conclusion

The Court concludes that Defendant has not carried its burden of demonstrating that transferring this case to the Eastern District of Louisiana (or either of Defendant's alternative forums) would increase the convenience of all involved, and that transfer would be in the interests of justice.  For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 1st day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge